Justin Hewgill, Esq. (SBN 259528)
Kaveh Elihu, Esq. (SBN 268249)
**EMPLOYEE JUSTICE LEGAL GROUP, PC**
1001 Wilshire Boulevard,
Los Angeles, California 90017
Telephone: (213) 382-2222
Facsimile: (213) 382-2230
Email:        kelihu@egljlaw.com
              jhewgill@ejlglaw.com

Attorneys for Plaintiff,
Daniel Martinez

## UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MARTINEZ, an individual,<br><br>                              Plaintiff,<br><br>        vs.<br><br>FEDEX CORPORATION, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-00371-KK-DTB<br><br>[Assigned for all purposes to: Hon. Kenly Kiya Kato; Courtroom 3]<br><br>[San Bernardino County Superior Court Case No. CIVSB2332698]<br><br>SECOND AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA LABOR CODE AND PRIVATE ATTORNEY GENERAL ACT OF 2004 (CALIFORNIA LABOR CODE § 1198 and CALIFORNIA LABOR CODE §§ 2698, *ET SEQ.*)<br><br>[Demand for Jury Trial] |

## INTRODUCTION

1.      Plaintiff Daniel Martinez ("Plaintiff") brings this action against
Defendant FedEx Corporation ("FedEx"), and DOES 1 through 50 inclusive
(referred herein collectively as "Defendants") for alleged violations of California's
Labor Code and Private Attorney General Act of 2004 ("PAGA").

2.      Plaintiff alleges that Defendants have violated the California Labor
Code by failing to (1) pay Plaintiff and similarly situated aggrieved employees all
wages they are due, (2) provide overtime premiums, (3) furnish accurate itemized
wage statements, and (4) pay all wages owed to Plaintiff and similarly situated
aggrieved employees when they quit or were terminated.

3.      Plaintiff further alleges that Defendants uniformly failed to provide
adequate seating as required under California's Industrial Welfare Commission
("IWC") Wage Order 4-2001(14), by failing to provide adequate seating for
employees working at its California solar worksites.

4.      Plaintiff seeks to recover penalties for the Labor and Workforce
Development Agency ("LWDA"), himself and other similarly aggrieved
employees under PAGA as a result of Defendants' systematic violation of the law.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction to hear this case because
Plaintiff is informed and believes, and thereupon alleges that the amount in
controversy exceeds the minimal jurisdictional limits of the Superior Court.

6.      Venue is proper in San Bernardino County pursuant to California
Code of Civil Procedure §§ 395(a) and 395.5 in that liability for violating the
California Labor Code and IWC Wage Order 4-2001 arose from Defendants'
actions in San Bernardino County.

## PARTIES

7.      Plaintiff is and for all relevant times referred to herein was an
individual residing in Beaumont, California, in the County of Riverside.

8.      Plaintiff was employed as an hourly, non-exempt worker by Defendants and performed work for Defendants at Defendant FedEx's worksite located at 330 Resource Dr., Bloomington, California.

9.      Defendant Federal Express Corporation ("FedEx") is incorporated in Delaware and headquartered in Memphis, Tennessee. Additionally, it is the largest express transportation company in the world.

10.     At all relevant times, Defendant FedEx was Plaintiff's employer within the meaning of the California Labor Code and IWC Order No. 4-2001.

11.     The true names and capacities, whether individual or corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time and therefore DOE Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to the Plaintiff as alleged hereinafter.

12.     Plaintiff is informed and believes and based thereupon alleges, that at all times relevant hereto, Defendants and each of them, were agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

13.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and

reference shall also be deemed to mean the acts and/or failures to act by each
Defendant acting individually, jointly and severally.

14.    Plaintiff is informed and believes, and based thereupon alleges, that
there exists such a unity of interest and ownership between Defendant and DOES
1 through 50 inclusive that the individuality and separateness of Defendants have
ceased to exist.

15.    Plaintiff is informed and believes, and based thereupon alleges, that
despite the formation of purported corporate existence, Defendants and DOES 1
through 50 inclusive are, in reality, one and the same as Defendants including but
not limited to because:

    a.    Defendants are completely dominated and controlled by DOES
1 through 50, who personally committed the frauds and violated the laws set forth
in this complaint, and who have hidden and currently hide behind Defendants to
perpetrate frauds, circumvent statutes, or accomplish some other wrongful or
inequitable purpose.

    b.    DOES 1 through 50 inclusive derive actual and significant
monetary benefits by and thorough Defendant's unlawful conduct, and by using
Defendants as a funding source of their personal expenditures.

    c.    Plaintiff is informed and believes and thereupon alleges that
Defendants and DOES 1 through 50 inclusive, while really one and the same,
were segregated to appear as though separate and distinct for the purposes of
perpetrating a fraud, circumventing a statute, or accomplishing some other
wrongful or inequitable purpose.

    d.    Plaintiff is informed and believes and thereupon alleges that
Defendants do not comply with all requisite corporate formalities to maintain legal
and separate corporate existence.

    e.    Plaintiff is informed and believes and thereupon alleges, that
the business affairs of Defendants and DOES 1 through 50 inclusive are, and at all

times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricably intertwined.  Defendants are, and at all times relevant hereto were, used by DOES 1 through 50 inclusive as a mere shell and conduit for the conduct of certain of Defendants' affairs and is, and was, the alter ego of DOES 1 though 50 inclusive.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of law. The corporate existence of Defendants and DOES 1 through 50 inclusive is necessary to avoid fraud and injustice to Plaintiff herein.

f.    Accordingly, Defendants constitute the alter ego of DOES 1 through 50 inclusive, and the fiction of their separate corporate existence must be disregarded.

g.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereupon alleges that Defendants and DOES 1 through 50 inclusive are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff and other similarly situated workers were employees of Defendants and DOES 1 through 50 inclusive.  Plaintiff and similarly situated workers performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control over Plaintiff and similarly situated workers as employees, either directly or indirectly, and the manner and means by which Defendants' business was and is conducted.

## FACTUAL ALLEGATIONS

16.    Plaintiff is employed as an hourly, non-exempt maintenance technician for Defendant FedEx in California since August 1, 2016.

17.    Plaintiff and the putative class members are, and at all times pertinent hereto have been, Defendants' non-exempt, employees who worked at Defendants' FedEx offices and/or warehouses in California, within the meaning of

California Labor code § 500, *et seq*., and the rules and regulations of the California IWC Wage Orders.

18.     Defendants required Plaintiff and class members to go through security check points upon entering and leaving Defendants facilities. At that facility Plaintiff and class members were required to put their bags and personal effects in a tray that was examined via X-Ray or similar technology. Plaintiff and class members then walked through metal detectors, or security would make use of wand metal detectors.

19.     Plaintiff and class members were not clocked in when going through security. Plaintiff and class members clocked in with badges, and their badges were coded to only allow them to clock in at specific work areas they were assigned to, which were within the facility on the other side of security.

20.     Due to the high volume of employees entering and leaving at the beginning and end of shifts, Plaintiff and class members would regularly have to wait in line before going through security.

21.     Plaintiff and class members were under the control of Defendants when waiting for and going through security. Going through security was an activity taken for the benefit of Defendant and not for the convenience of Plaintiff and class members. However, Plaintiff and class members were unpaid for this activity.

22.     As a result, Plaintiff and putative class members were intentionally and consistently not compensated wages for all the work they performed for Defendants in violation of the California Labor Code.

23.     Defendants have a uniform policy and practice of mandating that Plaintiff and putative class members gear up in required CAT-2 suits, which are essential to perform the tasks of a maintenance technician.  However, this policy and practice required Plaintiff and putative class members to also to don and doff these required CAT-2 suits off the clock.

PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

24.     CAT-2 uniforms are safety graded uniforms for the type of the electrical work that Class Members did, and as such donning and doffing these uniforms was a necessary part of Defendants business operations.

25.     Plaintiff and class members donned and doffed their uniforms at the work site, making use of the lockers and changing rooms provided and controlled by Defendant. There were limited changing rooms, and as such Plaintiff and class members needed gather their items and then change in an orderly fashion. Additionally, the changing rooms were beyond the security check points within the Defendant's facilities, and were firmly within Defendant's control.

26.     It was impracticable for Plaintiff and class members for Plaintiff and Class Members to take the uniforms home to be able to change into them off the worksite. Defendant provided fresh uniforms everyday because uniforms are regularly soiled with oils, grime, and industrial products beyond what would be reasonable for employees to launder in their private capacities. Additionally, due to the industrial soiling of Plaintiff and class member's uniforms taking uniforms home would cause them to dirty their vehicles and homes, which was impractical.

27.     Plaintiff and class members were both under the control of Defendants and engaged in productive work, which Defendants suffered and permitted while they donned and doffed their uniforms. However, Plaintiff and class members were unpaid.

28.     As a result, Plaintiff and putative class members were intentionally and consistently not compensated wages for all the work they performed for Defendants in violation of the California Labor Code.

29.     Also due to Defendants' uniform policy and practice of not compensating for all hours worked due to requiring donning and doffing be done off the clock, Defendants willfully and systematically failed to pay all overtime wages owed to Plaintiff and the putative class members.

30.    Another consequence of not paying Plaintiff and the putative class members for all hours worked due to Defendants' unlawful requirement of off the clock work, Plaintiff and the putative class members are still owed wages and penalties. With respect to all former employees, Defendants have failed to timely pay wages due to those putative class members in violation of the California Labor Code §§ 201 and 202.

31.    Further, Defendants have failed to issue Plaintiff and the putative class members accurate itemized wage statements in violation of California Labor Code § 226(a) and 226.3, as the wage statements issued do not reflect Plaintiff and putative class members' total hours worked due to Defendants' unlawful policy and practice of requiring off the clock donning and doffing.

## CLASS ACTION ALLEGATIONS

32.    **Proposed Class:**  The proposed class that Plaintiff will ask this Court to certify is defined as follows:

All current and former non-exempt, hourly paid workers who worked for Defendants at Defendants' worksites in California between December 18, 2019 and through the date that class notice is mailed to the class (this time frame is hereinafter referred to as the "relevant time period").

33.    Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

34.    This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure section 382 because there is a well-defined community of interest among numerous persons who comprise a readily ascertainable class.

35.    **Numerosity and Ascertainability:**  The potential number of putative class members as defined below is so numerous that joinder of all members would be unfeasible and impractical.  The disposition of their claims through this class

action will benefit both the parties and this Court.  The number of putative class members estimated to be greater than 100 individuals, the identify of and membership in the putative class can readily be ascertained from employment records maintained by Defendants.

36.    **Superiority**:  The nature of this action and the nature of laws available to Plaintiff make use of the class action format particularly efficient and appropriate under the circumstances presented in this lawsuit.  By establishing a technique whereby the claims of many individuals' claims can be resolved at the same time, the class both eliminates the possibility of repetitious litigation and provides small-value claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The actual monetary recovery due to most of the individual putative class members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual putative class members to seek relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual putative class members were to litigate separately.  Finally, class litigation will preserve valuable judicial resources by having all issues decided by one court in once venue.

37.    **Well-Defined Community of Interest**:  Plaintiff and the putative class meet the established standard for class certification (*See e.g., Lockheed Martin Corp. v. Superior Court*, 29 Cal.4th 1096 (2003)), as follows:

a.    **Typicality**: the claims of Plaintiff are typical of the putative class because all members of the putative class sustained substantially identical

injuries and damages arising out Defendants' policies, practices, and common course of conduct in violation of California's law and the injuries and damages of all putative class members were caused by Defendants' wrongful conduct in violation of California law.  There are no facts known to Plaintiff that would subject him to defenses unique from those of the applicable to the putative class.

b.     **Adequacy**:  Plaintiff is an adequate representative of the putative class he seeks to represent.  He has agreed to fairly protect the interests of the putative class.  He is aware of the duties required of him in acting as the class representative.  He has no interests antagonistic to the putative class.  Finally, he has agreed to vigorously pursue this suit through his attorneys who are competent, skilled and experienced in class action litigation in state and federal courts in both California and in the United States more broadly.

c.     **Predominant Common Questions of Law and/or Fact Include**:

i.     Whether Defendants violated Labor Code § 204 by not paying Plaintiff and the putative class members for all hours worked;

ii.     Whether Defendants violated Labor Code §§ 1194 and 510 by not paying all overtime wages due to Plaintiff and the putative class for time spent performing work for Defendants' benefit when that time resulted in hours in excess of eight (8) in one day or forty (40) in one week;

iii.     Whether Defendants failed to pay Plaintiff and the putative class members at least minimum wage for all hours worked;

iv.     Whether Defendants failed to timely pay former employees for all hours and penalties due upon discharge or resignation;

v.     Whether Defendants failed to provide accurate itemized wage statements to Plaintiff and the putative class in violation of Labor Code § 226(a) and 226.3;

vi.    Whether Defendants' actions alleged in this Complaint constitute unfair competition or unlawful business practices under the California Business and Professions Code sections 17200, *et seq*.;

vii.    Whether Defendants are liable for the labor law violations alleged in this Complaint;

viii.    Whether Plaintiff and the putative class are entitled to attorney fees;

ix.    Whether Plaintiff and the putative class are entitled to prejudgment interest;

x.    Whether Plaintiff and the putative class are entitled to restitution;

xi.    Whether Plaintiff and the putative class might be required to ultimately justify an individual claim does not preclude maintenance of a class action.  *Collins v. Rocha*, 7 Cal.2d 232 (1997).

## FIRST CAUSE OF ACTION
### Failure to Pay Minimum Wage for All Hours Worked
### Cal. Lab. Code § 204, 1194
### (Against All Defendants)

39.    Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

40.    California Labor Code § 204 provides that all wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as regular paydays."

41.    Further, California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

42.    Plaintiff and the putative class are/were required to be paid their regular rate of pay for all hours worked for Defendant during the relevant time period.

43.    Defendant failed to compensate Plaintiff and the putative class for all hours worked at the proper rates of pay due to its illegal policy and/or practice of failing to compensate Plaintiff and the putative class members for time spent waiting for and going through security check points upon ingress and egress of the facilities at which they worked.

44.    Defendant failed to compensate Plaintiff and the putative class for all hours worked at the proper rates of pay due to its illegal policy and/or practice of failing to compensate Plaintiff and the putative class members for time spent donning and doffing required CAT-2 Personal Protective Equipment ("PPE").

45.    In violation of California law, Defendants knowingly and willfully refused to perform its obligations in recording and paying for all working time performed by Plaintiff and the putative class such that Plaintiff and the putative class were not compensated for all time worked.  Defendants' conduct was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class, thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

46.    As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial.

47.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

48.    Defendants' failure to comply with Labor Code §§ 204 and 1194 triggers penalties under California Labor Code § 2699(f).

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages
### (Against All Defendants)

49.     Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

50. California Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

51. IWC Wage Order 4-2001(3)(A)(1) and 8 Cal. Code Regs. § 11040 provide as follows:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

52. California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or

1

2

overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

3

53.    California Labor Code § 200 defines wages as to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

4

5

6

7

54.    By failing to compensate for off the clock work, Defendants further knowingly and willingly refused to pay proper overtime rates for all overtime hours worked.

8

9

10

55.    Defendants' uniform policy and practice of failing to pay Plaintiff and the putative class the proper wages owed for all hours worked is unlawful.  As a result of this unlawful policy, Plaintiff and the putative class have worked overtime hours for Defendants without being paid overtime premiums in violation of California law.

11

12

13

14

15

56.    In violation of California law, Defendants knowingly and willfully refused to perform its obligations in recording and paying Plaintiff and the putative class for overtime hours worked.  Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

16

17

18

19

20

21

22

57.    As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

23

24

25

26

58.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

27

28

59.    Defendants' failure to pay overtime triggers penalties under California Labor Code § 2699(f).

### THIRD CAUSE OF ACTION
**Failure to Timely Pay Wages Upon Termination**
**(Against All Defendants)**

60.    Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

61.    Defendants' failure to pay wages as alleged above was willful in that Defendants knew wages and penalties were due but failed to pay them in violation of California Labor Code §§ 201 and 202, thus triggering waiting time penalties pursuant to Labor Code § 203, which provides that employees' wages shall continue as a penalty to the employer for a period of up to 30 days from the time they were due.

62.    Defendants have routinely, uniformly and deliberately failed to pay Plaintiff and the putative class a sum certain at their termination or within 72 hours of their resignation and have failed to pay those sums for thirty days thereafter.  As such Plaintiff and the putative class are entitled to penalties pursuant to Labor Code § 203.

63.    In violation of California law, Defendants knowingly and willfully refused to pay Plaintiff and the putative class all wages due at the end of their employment with Defendants and did so willfully, intentionally, deliberately and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

64.    As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount

according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

65.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

66.    Defendants' failure to comply with Labor Code § 201, 202 and 203 triggers penalties under California Labor Code § 2699(f).

## FOURTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### (Against All Defendants)

67.    Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

68.    At all relevant times, Plaintiff and the putative class were non-exempt employees covered by California Labor Code §§ 226 and 226.3.

69.    California Labor Code § 226(a) states:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a

temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

70.    Labor Code 226.2(a)(2) states in pertinent part:
The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:
(A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.
(B) . . . the total hours of other nonproductive time . . . the rate of compensation, and the gross wages paid for that time during the pay period . . .

71.    Defendants knowingly and intentionally failed to include required information on Plaintiff's and the putative class members' wage statements as required by Labor Code § 226(a) subsections (1), (2), and (5).

72.    As a result of Defendants' issuance of inaccurate wage statements, Plaintiff and the putative class were unable to promptly and easily determine from the wage statements alone the information required to be present by Labor Code § 226(a) subsections (1), (2), and (5).  Indeed, it is nearly impossible to discern whether Plaintiff and the putative class were paid properly by referring to face of the wage statements alone.

73.    Labor Code § 226(e) states:
An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

74.    Labor Code § 226.3 states:
Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one

thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

75.    In violation of California law, Defendants knowingly and intentionally issued Plaintiff and the putative class inaccurate wage statements in violation of California Labor Code § 226(a), triggering penalties under both sections 226(e) and 226.3.  Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class, thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

76.    Plaintiff and the putative class also ask the Court for injunctive relief to end Defendants' illegal issuance of inaccurate wage statements pursuant to California Labor Code § 226(h).

77.    As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

78.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

79.    Defendants' failure to comply with Labor Code § 226 and 226.3 triggers penalties under California Labor Code § 2699(f).

## FIFTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 17200, *et seq*.
### (Against All Defendants)

80.     Plaintiff and aggrieved employees re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

81.     California Business and Professions Code §§ 17200, *et seq*., (hereinafter referred at the "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

82.     UCL section 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

83.     California Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their employees by failing to comply with minimum labor standards.

84.     Beginning at some point before the start of the relevant time period and continuing through it, Defendants committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including but not limited to:

a.   Violations of California Labor Code § 204 pertaining to the payment of wages for all hours worked;

b.   Violations of California Labor Code §§ 510 and 1194 and IWC Wage Orders pertaining to overtime pay;

c.   Violations of California Labor Code §§ 201-03 pertaining to failure to pay timely wages upon termination;

d.   Violations of California Labor Code § 226 pertaining to the provision of itemized accurate wage statements;

85.     The violations of these laws and regulations, as well as the fundamental California public policies protecting straight time wages and

overtime wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq*.

86.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of the UCL.  Among other things, the acts and practices have taken from Plaintiff and the putative class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over its law-abiding employer-competitors.

87.    UCL § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

88.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the putative class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

89.    UCL § 17203 provides a court may restore to any person in interest money or property which may have been acquired by means of such unfair competition.  Plaintiff and the putative class are entitled to restitution pursuant to UCL § 17203 for all wages and payments unlawfully withheld from the Class members during the four-year period prior to filing this Complaint.

90.    UCL § 17202 provides "notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and the putative class are entitled to all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

91.    Plaintiff's success in this action will enforce the important rights affecting the public interest, and in that regard Plaintiff sues on behalf of herself as well as others similarly situated and, accordingly, pursuant to the UCL, this Court should make such orders or judgments as may be necessary to prevent use or

employment by Defendants of any unlawful or deceptive practices prohibited by the UCL, including but not limited to disgorgement of ill-gotten gains, which may be necessary to restore Plaintiff and the putative class the money Defendants have unlawfully failed to pay.

92.    Plaintiff herein takes it upon herself to enforce these lawful claims. There is a financial burden involved in pursuing this action, an action seeking to vindicate a public right, and it would be against the interest of justice to penalize Plaintiff by forcing his and/or his class to pay other parties' attorney fees from the recovery in this action pursuant to California's Code of Civil Procedure §1021.5 and otherwise.

93.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
### Violation of Labor Code § 1198 and PAGA
### (*Plaintiff and aggrieved employees v. Defendants*)

109.   Plaintiff and the aggrieved employees re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

110.   Plaintiff sent notice to the LWDA and the Defendants of the violations described herein on October 23, 2023, in compliance with California Labor Code § 2699.3(a)(1).  Plaintiff has received no indication from the LWDA that it intends to investigate the allegations set forth Plaintiff's notice and in this Complaint.

111.   PAGA permits Plaintiff, as an aggrieved employee to recover penalties on behalf of himself and other current and former employees similarly situated as a result of the employer's violations of the California Labor Code.

112.   Plaintiff is an aggrieved employee as defined in the California Labor Code section 2699(c) because at all relevant times during his employ with Defendants, he was denied all his wages, proper overtime wages, and accurate

wage statements.  Further, with respect to former employees that are also aggrieved employees are additionally owed penalties for Defendants' failure to provide compensation owed within seventy-two (72) hours after termination or separation.

Count I - Failure to Compensate for All Hours Worked

113.  Defendants have a pattern and practice of failing to compensate Plaintiff and the aggrieved employees' for time spent waiting for and going through security checkpoints upon ingress and egress of Defendant's facilities, and for time spent donning and doffing required CAT-2 PPE, thus failing to pay the California minimum wage for all hours Plaintiff and the aggrieved employees worked in violation of Cal. Lab. Code § 204.

114.  Further, Defendants have a pattern and practice of not compensating for all overtime hours worked, further failing to pay the minimum wage for all hours the aggrieved employees spent working.

115.  Plaintiff reincorporates paragraphs 39-47 as if fully set forth herein.

Count II - Failure to Pay Overtime Wages

116.  Defendants have a pattern of practice of failing to pay all overtime wages for hours worked over eight hours in a day or forty hours in a week as required by the Cal. Lab. Code § 510, 1194 and the IWC Wage Order 4-2001.

117.  Plaintiff reincorporates paragraphs 48-58 as if fully set forth herein.

Count III – Failure to Timely Pay Wages Upon Termination

118.  As a result of not paying Plaintiff or the aggrieved overtime premium wages and minimum wage for all hours worked, Defendant also violated Cal. Lab. Code §§ 201, 202, and 203 by failing to pay Plaintiff and the aggrieved employees all wages due upon termination.

119.  Plaintiff reincorporates paragraphs 59-65 as if fully set forth herein.

Count IV – Provide Accurate Itemized Wage Statements

120.  Defendant failed to provide accurate wage statements to Plaintiff and the aggrieved employees in violation of Cal. Lab. Code §§ 226 and 226.3.

121.   Plaintiff reincorporates paragraphs 66-78 as if fully set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For class certification under Federal Rule of Civil Procedure 23;

B. For compensatory damage in the amount of Plaintiff's and each putative class member's unpaid wages, including premium wages, and unpaid overtime, from at least four years prior to the filing of this action to the present as may be proven;

C. For liquidated damages pursuant to California Labor Code § 1194.2(a) in an amount equal to the minimum wage compensation unlawfully withheld from four years prior to filing this action to the present, as may be proven;

D. For statutory and civil penalties pursuant to every California Labor Code section relied upon in this Complaint;

E. Injunctive relief pursuant to California Labor Code 226(h);

F. An award of prejudgment and post judgment interest;

G. For restitution for unfair competition pursuant to the UCL, including disgorgement of profits, in any amount as may be proven;

H. An award providing for payment of costs of the suit;

I. For an order awarding Plaintiff and the putative class compensatory damages including lost wages, premium pay, earnings and other employee benefits and all other sums of money owed to Plaintiff and the putative class together with interest on these amounts, according to proof;

J. An award of attorney fees;

K. For an order appointing Plaintiff class representative and Plaintiff's counsel class counsel for all classes and subclasses included in this Complaint; and

L. For such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: July 30, 2025

**EMPLOYEE JUSTICE LEGAL GROUP, PC**

By: _____

Justin Hewgill, Esq.
Attorneys for Plaintiff
Daniel Martinez